ORAL ARGUMENT NOT YET SCHEDULED

# UNITED STATES COURT OF APPEALS
# FOR THE DISTRICT OF COLUMBIA CIRCUIT

| | |
|---|---|
| SIERRA CLUB, et al.,<br><br>*Petitioners*,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF ENERGY, and CHRIS WRIGHT, Secretary, UNITED STATES DEPARTMENT OF ENERGY,<br><br>*Respondents*. | ) <br> ) <br> ) Case No. 25-1198 <br> ) (Consolidated <br> ) with 25-1202 <br> ) and 25-1254) <br> ) <br> ) <br> ) |

## PETITIONERS' OPPOSED MOTION TO GOVERN FURTHER PROCEEDINGS

Pursuant to Fed. R. App. P. 27, D.C. Cir. R. 27, and this Court's November 20, 2025 Order, Doc. No. 2146355, Petitioners[1] respectfully submit this motion to govern further proceedings in Case Nos. 25-1198, 25-1202, and 25-1254 ("Campbell 2"), which challenge the Department of Energy's August 20, 2025 order renewing the May 23, 2025 order that compelled the J.H. Campbell coal-fired power plant to continue to operate past its May 31, 2025 retirement date.

---

[1] Petitioners are: in Case No. 25-1198, Sierra Club, Natural Resources Defense Council, Michigan Environmental Council, Environmental Defense Fund, Environmental Law and Policy Center, Vote Solar, Union of Concerned Scientists, Ecology Center, and Urban Core Collective (collectively, "Public Interest Organization Petitioners"); in No. 25-1202, People of the State of Michigan; and in No. 25-1254, State of Minnesota and State of Illinois.

Petitioners request that this Court place Campbell 2 in abeyance pending this Court's resolution of the case challenging the earlier, May 23, 2025 order, Case Nos. 25-1159, 25-1160, 25-1162 ("Campbell 1"). Campbell 1 should proceed on the schedule to which Petitioners and the Department previously agreed and this Court ordered. Petitioners have consistently maintained the need to resolve the issues presented in Campbell 1 quickly to limit the harms caused by Campbell's continued operation, and Petitioners have already acted on that schedule by filing their opening briefs on December 19, 2025. Thus, any delay in resolution is prejudicial to Petitioners.

The Court should not delay the resolution of Campbell 1 just because Campbell 2 exists. Campbell 2 was before this Court when it adopted the unopposed schedule in Campbell 1. This Court should not consolidate Campbell 1 and 2 this late: Consolidation of the two cases provides no meaningful benefit to warrant the resulting delay in resolving Campbell 1. And consolidation would not even capture every Campbell case that is and will be before the Court, because Campbell 2 challenges just the first in a series of 90-day renewals that likely will continue until the Court issues a decision in Campbell 1. Indeed, Petitioners have just timely filed Case No. 26-1024 ("Campbell 3"), which seeks review of the second unlawful renewal order.

Petitioners' proposed approach—keeping Campbell 1's current schedule while holding Campbell 2 in abeyance—maximizes judicial economy. It secures the benefits of prompt resolution of the issues common to both cases while ensuring that briefing in Campbell 2, if any is ever needed, will involve only those issues left unresolved by Campbell 1. And it supplies a workable framework for addressing the later renewal orders that the Department has every intention of issuing. The Department's proposed consolidation, by contrast, invites endless delay: every 90 days, the Department's latest renewal order would trigger another petition filed in this Court, which, on the Department's logic, would require upending the existing schedule yet again.

Petitioners conferred with counsel for Respondents Department of Energy and Secretary of Energy Chris Wright, who oppose Petitioners' motion. Midcontinent Independent System Operator (MISO), who are intervenors in Campbell 1, takes no position on Petitioners' motion. Consumers Energy, which has intervened in Campbell 2 and moved to intervene in Campbell 1, also takes no position.

## BACKGROUND

1. These consolidated petitions challenge a Department order compelling further operations of the J.H. Campbell coal-fired power plant in West Olive, Michigan. That plant was set to retire on May 31, 2025, pursuant to a legally

binding settlement agreement approved by the Michigan Public Service Commission and the grid operator, MISO. But the Department has issued a series of orders under its emergency authority in Section 202(c) of the Federal Power Act, 16 U.S.C. § 824a(c), to prevent the plant's closure and to compel its continued operation. The prolonged operation of Campbell is causing pollution that harms people in Michigan and the surrounding region. And it is causing Campbell's operator to incur costs that ratepayers will likely have to bear if the orders are left to stand.

2. The Department has now issued three orders compelling Campbell's continued operation. The Department issued the first order on May 23, 2025. Order No. 202-25-3 (May 23, 2025) ("Order"). The Department renewed the Order on August 20, 2025. Order No. 202-25-7 (Aug. 20, 2025) ("Renewal Order"). And the Department again renewed the Order on November 25, 2025. Order No. 202-25-9 (Nov. 18, 2025) ("Second Renewal Order"). Another renewal order is anticipated next month and every 90 days after that for the foreseeable future.[2] Each renewal

---

[2] Second Renewal Order at 3 ("The emergency conditions that led to the issuance of Order Nos. 202-25-3 and 202-25-7 continue, both in the near and long term."); *see also Energy Secretary Ensures Washington Coal Plant Remains Open to Ensure Affordable, Reliable and Secure Power Heading into Winter*, Dep't of Energy (Dec. 17, 2025), https://perma.cc/24VL-CZ6W (confirming that the "Trump administration will continue taking action to keep America's coal plants running"); Claire Brown & Brad Plumer, *Trump Wants to Halt Almost All Coal Plant Shutdowns. It Could Get Messy*, N.Y. Times (Jan. 16, 2026), https://www.nytimes.com/2026/01/16/climate/trump-coal-plants.html (Secretary

4

order has presented the same legal issues raised by the Order. *See, e.g.*, Pub. Int. Org. Pet'rs' Opening Br. at 48-49, Case Nos. 25-1159, 25-1160, 25-1162, Doc No. 2151437 (Dec. 19, 2025).

Petitioners timely challenged these orders before the agency and expeditiously sought judicial review in this Court. In July 2025, Petitioners sought judicial review of the Order in Case Nos. 25-1159, 25-1160, 25-1162 ("Campbell 1"). In October, Petitioners sought judicial review of the Renewal Order in Case Nos. 25-1198, 25-1202, 25-1254 ("Campbell 2"). And this week, Petitioners filed petitions for review relating to the Second Renewal Order, in Case No. 26-1024 ("Campbell 3").[3] This filing concerns just the second case, Campbell 2.

3. Petitioners have consistently maintained the need for expeditious resolution of the issues presented by Campbell 1. In early October, Petitioners urged the Court to adopt a schedule in Campbell 1 that would accommodate Petitioners' "need to have the case calendared for oral argument as soon as possible, and no later than Spring 2026." Pet'rs' Unopposed Mot. to Establish Briefing Sched. and Format at 5, Case Nos. 25-1159, 25-1160, 25-1162, Doc. No.

---

Wright stating, "I think you will not see those [coal] plants close during this administration"). If the Department keeps up its current pace, orders would be expected in February 2026, May 2026, August 2026, and November 2026.

[3] The People of the State of Michigan filed their petition on January 23, 2026, but the case has not yet been docketed. Illinois and Minnesota intend to timely file their petition for review next week.

2139759 (Oct. 10, 2025). Timely resolution of the issues presented by the Order would supply sorely needed guidance on the limits of the Department's emergency authority under Section 202(c) while minimizing the number of unlawful renewal orders the Department would issue before the Court could act. *Id.* And that, in turn, would limit the pollution and ratepayer harms posed by Campbell's continued operation. *Id.* at 6. Petitioners thus proposed a schedule that would allow for Spring 2026 argument (while also agreeing to give the Department more than 60 days to file its response brief). *Id.* at 4-5; *see* D.C. Cir. Handbook of Practice and Internal Procedures at 37 ("Typically, the final brief will be due at least 45 days before the argument date."). The Department did not oppose this request. Pet'rs' Unopposed Mot. to Establish Briefing Sched. and Format at 1, Doc. No. 2139759.

While that unopposed motion was pending, the Department moved, in Campbell 2, to extend its deadline to file the certified index. Mot. to Extend Certified Index Deadline at 1, Case Nos. 25-1198, 25-1202, 25-1254, Doc. No. 2143243 (Oct. 31, 2025). In response, Petitioners again emphasized the need for timely resolution of the issues presented in Campbell 1 and Campbell 2. To that end, Petitioners maintained that the extension should be denied to allow both Campbell 1 and Campbell 2 to be heard for oral argument in May 2026. Opp'n to Mot. to Extend Certified Index Deadline at 11-12, Case Nos. 25-1198, 25-1202, 25-1254, Doc. No. 2144174 (Nov. 6, 2025). Importantly, Petitioners explained that

6

even if the Department's request for extension prevented argument in Campbell 2 from being "held this term," Campbell 1 should proceed on the agreed-to schedule. *Id.* at 13. That would "permit the Court to timely address the legal questions that underpin ongoing and mounting harms to Petitioners." *Id.* at 12-13. And prompt resolution of the issues presented in Campbell 1 would promote judicial efficiency by "prompt[ing] DOE to change course" or "sharply narrow[ing] the issues presented in any future challenge to DOE's emergency orders." *Id.* In reply, the Department assured the Court that "it seems likely that the requested extension will have only a modest effect on the overall litigation schedule." Reply in Supp. of Mot. to Extend Certified Index Deadline at 4-5, Case Nos. 25-1198, 25-1202, 25-1254, Doc. No. 2144618 (Nov. 11, 2025).

The Court resolved Petitioners' Campbell 1 scheduling motion and the Department's Campbell 2 extension request the same day. The Court adopted Petitioners' proposed schedule in Campbell 1. *See* Doc. No. 2146369 (Nov. 20, 2025); *see also* Doc. No. 2148198 (Dec. 2, 2025) (adjusting word count). The Court also granted the Department's request to extend the certified index deadline in Campbell 2 to January 23, 2026, and it required the parties to file motions to govern further proceedings in that case by January 23, 2026. Doc. No.2146355 (Nov. 20, 2025).

7

4. On January 5, 2026, counsel for Petitioners reached out to counsel for the Department to determine whether the parties could reach agreement on how to proceed in Campbell 2. In particular, Petitioners asked the Department whether they would agree to a schedule that would still allow Campbell 2 to be scheduled for oral argument in May 2026. The Department responded on January 16, 2026, but it did not directly address that question. Instead, the Department proposed to consolidate Campbell 1 and Campbell 2, without addressing whether that could be done while maintaining the possibility of May 2026 oral argument in Campbell 1. When pressed, the Department confirmed (on January 20, 2026) that it anticipates its proposal would require the schedule to shift, and it asserted that consolidation is nonetheless essential because it would reduce the number of briefs for the Court to review and because there are two orders pending before this Court. The Department also rejected a proposal for parallel supplemental briefing in Campbell 2—where word limits would have been lower—that would have kept even a consolidated case on track for May argument.

# ARGUMENT

Petitioners request that the Court hold Campbell 2 in abeyance pending the outcome of Campbell 1, while maintaining the current briefing schedule in Campbell 1. Petitioners oppose consolidating Campbell 1 and Campbell 2.[4]

As Petitioners have maintained from the start, timely resolution of the issues presented in Campbell 1 will limit ongoing harm to Petitioners and best promote judicial efficiency. *See* Pet'rs' Unopposed Mot. to Establish Briefing Sched. and Format at 5-6, Doc. No. 21397596; Opp'n to Mot. to Extend Certified Index Deadline at 11-13, Doc. No. 2144174. Absent this Court's intervention, the Department will likely continue renewing the Order at issue in Campbell 1 indefinitely, every 90 days. *See* Second Renewal Order at 3 ("The emergency conditions that led to the issuance of Order Nos. 202-25-3 and 202-25-7 continue, both in the near and long term."); *supra* 4 n.2. Any delay in addressing the lawfulness of these orders thus will prolong the pollution-based and economic

---

[4] Holding Campbell 2 in abeyance while Campbell 1 proceeds as scheduled is the best course. But if this Court concludes that consolidation is required, Petitioners urge this Court to adopt a schedule for the consolidated cases that would allow for May argument while providing Petitioners sufficient time to prepare briefing on Campbell 2 that is responsive to the rehearing order the Department issued on January 21, 2026, Order No. 202-25-7b (Jan. 21, 2026). To that end, Petitioners would ask this Court to require briefing in such a consolidated case to conclude by mid-March, *see* D.C. Cir. Handbook of Practice and Internal Procedures 37, and adopt a schedule that would limit the prejudice that would come from requiring Petitioners to file a brief addressing this new order on a truncated time frame (while simultaneously giving the Department even more time to respond).

harm Petitioners, their members, and their citizens face due to Campbell's continued operation. *See* Pub. Int. Org. Pet'rs' Opening Br. at 19-21, Doc No. 2151437; State Pet'rs' Br. at 19-21, Case Nos. 25-1159, 25-1160, 25-1162, Doc. No. 2151373 (Dec. 19, 2025). Delay also ensures that the number of unlawful orders requiring this Court's review will mount.

Swift resolution of the legal issues presented by Campbell 1—whether and how the Department may exercise its emergency authority under the Federal Power Act to compel Campbell's operation—will limit these harms because the Court's decision will determine not just the lawfulness of the Order at issue in Campbell 1, but also the lawfulness of subsequent renewals. *See, e.g.*, Pub. Int. Org. Pet'rs' Opening Br. at 48-49, Doc. No. 2151437. A decision in Petitioners' favor from this Court could prompt the Department to change course—eliminating the ongoing harm faced by Petitioners, their members, and their citizens and the need for review of any new orders. And, at a minimum, it would streamline the briefing and review of the challenges to the Campbell renewals that will have issued before this Court could weigh in. *See* Pet'rs' Unopposed Mot. to Establish Briefing Sched. and Format at 5-6, Doc. No. 2139759 (making this point); Opp'n to Mot. to Extend Certified Index Deadline at 11-13, Doc. No. 2144174 (same).

The mere existence of Campbell 2 does not require revisiting the previously agreed-to schedule in Campbell 1. Campbell 2 was already before this Court when

Petitioners proposed (and the Department did not oppose) the schedule in Campbell 1. *See* Pet'rs' Unopposed Mot. to Establish Briefing Sched. and Format at 3-4, Doc. No. 2139759. Indeed, when the Court adopted the schedule for Campbell 1, Petitioners had asked the Court to do so even if the Department's request to extend its preliminary deadlines in Campbell 2 meant that Campbell 1 and 2 no longer could be briefed and argued together. Opp'n to Mot. to Extend Certified Index Deadline at 12-13, Doc. No. 2144174. Accordingly, proceeding on the existing Campbell 1 schedule, even if Campbell 2 cannot be resolved on the same schedule, is consistent with the Court's prior scheduling order.

    The Department should not be permitted to rely on a feature of this litigation that it has known about for months to derail the Campbell 1 schedule now. The Department had multiple opportunities to make clear its newly disclosed belief that Campbell 1 must be consolidated with Campbell 2. It could have disagreed with the schedule Petitioners initially proposed for Campbell 1 in October 2025. It could have made clear that its requested extension in Campbell 2 would jeopardize the schedule Petitioners had proposed in Campbell 1. But the Department raised no such concern; rather, in its most recent filing, it assured the Court that its certified-index extension would "have only a modest effect on the overall litigation schedule." Reply in Supp. of Mot. to Extend Certified Index Deadline 4-5, Doc. No. 2144618. After that filing, the Department still could have raised its

11

consolidation proposal before Petitioners (and amici) filed their briefs last month on the Court-ordered schedule. If it had done so—instead of waiting nearly a month after those briefs were filed—that would have left more time to develop a schedule that could have achieved both consolidation and timely resolution of the Campbell cases. But the Department delayed in raising its objection, and it has been unwilling to commit to any briefing schedule that would preserve May argument in these cases.[5] The Department's efforts to delay resolution of the case—and delay relief from all the harms described above—should be rejected.

More fundamentally, the Department's claimed reason for proposing consolidation now—that resolving Campbell 1 and Campbell 2 in a consolidated fashion is more efficient than Petitioners' approach—is wrong. Allowing Campbell 1 to proceed separately from Campbell 2, while holding Campbell 2 in abeyance, better serves judicial economy because any decision in Campbell 1 will resolve the legal issues common to the Order and each subsequent renewal. That, in turn, may obviate the need for any briefing in Campbell 2 (and subsequent Campbell cases)

---

[5] Before the Department delayed Campbell 2, Petitioners' preferred approach was to brief Campbell 1 and Campbell 2 together in time for May argument. *See* Opp'n to Mot. to Extend Certified Index Deadline at 11-12, Doc. No. 2144174. That approach would have limited the number of briefs while securing the efficiency benefits of timely adjudication described above. *Id.* But now that the Department has delayed Campbell 2 and has been unwilling to negotiate a schedule that would secure both combined briefing and timely review, Petitioners maintain that the most efficient course is to keep the schedule in Campbell 1 while holding Campbell 2 in abeyance.

12

or may make any such briefing more focused and useful for the Court. While parallel briefing in Campbell 1 and Campbell 2 might have raised the possibility of overlapping briefing, Petitioners' request to hold Campbell 2 in abeyance pending the resolution of Campbell 1 ensures that, when it comes to Campbell 2, the parties need only brief—and the Court need only decide—those issues, if any, left unresolved by a decision in Campbell 1. This Court regularly holds cases in abeyance "to await the decision of a related case that seem[s] poised to resolve a central issue." *Ctr. for Biological Diversity v. EPA*, 56 F.4th 55, 79 (D.C. Cir. 2022) (Rao, J., concurring in part and dissenting in part); *see also NLRB v. Sw. Regional Council of Carpenters*, 826 F.3d 460, 461 (D.C. Cir. 2016); *Sw. Airlines Co. v. DOT*, 832 F.3d 270, 274 (D.C. Cir. 2016). It should take that approach here.

Petitioners' approach also achieves other efficiencies that the Department's proposal cannot. Because the Department's approach risks delaying the Court's resolution of the issues presented by the Campbell orders for at least three months (as argument would slip from Spring 2026 to Fall 2026), it would allow the Department to issue at least one additional order without this Court's guidance. That additional order would generate an additional case requiring this Court's review. Petitioners' approach of resolving Campbell 1 quickly, by contrast, would limit the number of additional orders the Department will issue without this Court's guidance.

In the end, the Department's proposed consolidation invites delay without limit. Although the Department is now focused on Campbell 1 and Campbell 2, Petitioners have just timely filed Campbell 3. *See* Case No. 26-1024. Under the Department's position that consolidation is necessary for all Campbell-related cases pending in this Court, the Department could evade review indefinitely: every 90 days, the Department's renewal order would trigger another petition filed in this court, upending the existing schedule. In contrast, Petitioners' approach supplies a workable framework for addressing all subsequent Campbell orders: This Court can hold all subsequent petitions in abeyance pending resolution of Campbell 1.

## CONCLUSION

Petitioners respectfully request that the Court place Campbell 2 in abeyance pending the outcome of Campbell 1, while maintaining the current schedule in Campbell 1.

Dated: January 23, 2026                              Respectfully Submitted,

[Continued for signatures.]

Dana Nessel,
Michigan Attorney General

/s/ Michael Moody
Michael E. Moody (DC Cir. 66350)
Lucas Wollenzien (P86928)
Assistant Attorneys General
Special Litigation Division
P.O. Box 30755
Lansing, MI 48909
517-335-7627
MoodyM2@michigan.gov
WollenzienL@michigan.gov

Christopher M. Bzdok (P53094)
Special Assistant Attorney General
chris@tropospherelegal.com

*Counsel for the People of the State of Michigan*

/s/ Gregory E. Wannier
Gregory E. Wannier (DC Cir. 55920)
Sanjay Narayan (DC Cir. 48545)
Elena Saxonhouse (DC Cir. 56639)
Sierra Club Environmental Law Program
2101 Webster St., Suite 1300
Oakland, CA 94612
(415) 977-5646
greg.wannier@sierraclub.org
sanjay.narayan@sierraclub.org
elena.saxonhouse@sierraclub.org

*Counsel for Sierra Club*

/s/ Benjamin Chagnon[6]
Benjamin Chagnon (DC Cir. 65850)
Jennifer Yun (DC Cir. 66550)
Michael Lenoff (DC Cir. 66374)
Earthjustice
1400 L St NW, Lobby 2, Unit 34117
Washington, DC 20005
(202) 745-5210
bchagnon@earthjustice.org
jyun@earthjustice.org
mlenoff@earthjustice.org

Lauren Piette (DC Cir. 66519)
Sameer Doshi (DC Cir. 64549)
Earthjustice
311 S. Wacker Dr., Suite 1400
Chicago, IL 60606
(312) 500-2193
lpiette@earthjustice.org
sdoshi@earthjustice.org

Christine Powell (DC Cir. 64908)
Earthjustice
180 Steuart St., #194330
San Francisco, CA 94105
(415) 217-2035
cpowell@earthjustice.org

*Counsel for Sierra Club and Urban Core Collective*

---

[6] Counsel represents that the other parties listed in the signature blocks on this document consent to this filing.

*/s/ Francis W. Sturges, Jr.*
Francis W. Sturges, Jr. (DC Cir. 64964)
Danielle C. Fidler (DC Cir. 62486)
Veronica Saltzman (DC Cir. 64096)
Clean Air Task Force
114 State St., 6th Floor
Boston, MA 02109
(617) 624-0234
fsturges@catf.us
dfidler@catf.us
vsaltzman@catf.us

*Counsel for Michigan Environmental Council*

*/s/ Howard A. Learner*
Howard A. Learner (DC Cir. 61779)
Bradley Klein
Environmental Law & Policy Center
35 East Wacker Dr., Suite 1600
Chicago, IL 60601
T: (312) 673-6500
F: (312) 795-3730
hlearner@elpc.org
bklein@elpc.org

Katherine S. Duckworth
Environmental Law & Policy Center
1008 Floral Ave. SE
East Grand Rapids, MI 49506
T: (312) 673-6500
kduckworth@elpc.org

*Counsel for the Environmental Law & Policy Center, Ecology Center, Union of Concerned Scientists, and Vote Solar*

*/s/ Caroline Reiser*
Caroline Reiser (DC Cir. 62319)
Natural Resources Defense Council
1152 15th St. NW, Suite 300
Washington DC, 20005
(202) 717-8341
creiser@nrdc.org

Gavin McCabe (DC Cir. 53966)
Natural Resources Defense Council
40 W. 20th St., 11th Floor
New York, NY 10011
(212) 727-4529
gmccabe@nrdc.org

Simi Bhat (DC Cir. 55968)
Karen Chen
Natural Resources Defense Council
111 Sutter St., 21st floor
San Francisco, CA 94104
(415) 875-6110
sbhat@nrdc.org
kchen@nrdc.org

*Counsel for Natural Resources Defense Council*

16

*/s/ Tomás Carbonell*
Tomás Carbonell (DC Cir 54320)
Ted Kelly
Environmental Defense Fund
555 12th St. NW, #400
Washington, DC 20004
(919) 449-4600
tcarbonell@edf.org
tekelly@edf.org

*Counsel for Environmental Defense Fund*

*/s/ Jason E. James*
Jason E. James
Assistant Attorney General
Illinois Attorney General's Office
201 W. Pointe Drive, Suite 7
Belleville, IL 62226
Phone: (217) 843-0322
Email: jason.james@ilag.gov

*Attorney for State of Illinois*

*/s/ Peter N. Surdo*
Peter N. Surdo
Special Assistant Attorney General
Office of the Minnesota Attorney General
445 Minnesota St., Suite 600
St. Paul, MN 55101
(651) 757-1061
peter.surdo@ag.state.mn.us

*Attorney for State of Minnesota*

17

## CERTIFICATE OF SERVICE

I hereby certify that on this 23rd day of January, 2026, I have served the foregoing on all registered counsel through the Court's electronic filing system (ECF), or, with permission, via email.

Respectfully submitted,

*/s/ Benjamin Chagnon*
Benjamin Chagnon

**CERTIFICATE OF COMPLIANCE WITH TYPE-VOLUME LIMIT**

Counsel hereby certifies, in accordance with Federal Rule of Appellate Procedure 32(g)(1), that the foregoing motion contains 3,223 words, as counted by counsel's word processing system, and thus complies with the 5,200-word limit. *See* Fed. R. App. P. 27(d)(2)(A).

Further, this document complies with the typeface and type-style requirements of Federal Rule of Appellate Procedure 32(a)(5) and (a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word for Microsoft 365 using size 14 Times New Roman font.

Dated: January 23, 2026                    */s/ Benjamin Chagnon*
                                           Benjamin Chagnon