NOT YET SCHEDULED FOR ORAL ARGUMENT

Nos. 25-1159, 25-1160, 25-1162 (consolidated)

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

THE PEOPLE OF THE STATE OF MICHIGAN,
*Petitioner*,

v.

UNITED STATES DEPARTMENT OF ENERGY, et al.,
*Respondents*.

Petition for Review of United States Department of Energy Order No. 202-25-3

**OPPOSED MOTION FOR EXTENSION OF TIME TO FILE ANSWERING BRIEF**

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
ROBERT LUNDMAN
REBECCA JAFFE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-0402
rebecca.jaffe@usdoj.gov

1

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

## A. Parties and Amici

Petitioner in case no. 25-1159 is the State of Michigan. Petitioners in case no. 25-1160 are Sierra Club, Natural Resources Defense Council, Michigan Environmental Council, Environmental Defense Fund, Environmental Law and Policy Center, Vote Solar, Public Citizen, Union of Concerned Scientists, the Ecology Center, and Urban Core Collective. Petitioners in case no. 25-1162 are the States of Minnesota and Illinois.

Respondents are Chris Wright, Secretary of the United States Department of Energy, and the United States Department of Energy.

The Maryland Office of People's Counsel moved to intervene, but was denied intervention. The Midcontinent Independent System Operator (MISO) has intervened. The Consumers Energy Company has moved to intervene.

The following parties have filed amicus briefs: The Institute for Policy Integrity at New York University School of Law; the Citizens Action Coalition of Indiana, Citizens Utility Board of Michigan, Citizens Utility Board of Minnesota, Citizens Utility Board of Wisconsin, and Consumers Council of Missouri; The Niskanen Center, Professor Paul L. Joskow, and Professor Richard Schmalensee; Joshua C. Macey (Yale Law School), Joel Eisen (University of Richmond School of Law), Alison Gocke (University of Virginia School of Law), Sharon Jacobs

2

(Berkeley School of Law), Alexandra Klass (University of Michigan Law School), Andrew McKinley (Northwestern University Pritzker School of Law), Felix Mormann (Texas A&M University School of Law), David Owen (University of California College of the Law), Shelley Welton (University of Pennsylvania Carey Law School), and Hannah Wiseman (Penn State Dickinson Law).

### B. Rulings Under Review

Petitioners challenge Department of Energy Order No. 202-25-3, which was issued on May 23, 2025.

### C. Related Cases

Under Circuit Rule 28(a)(1)(C), this case is related to *Sierra Club v. United States Department of Energy*, Nos. 25-1198, 25-1202, 25-1254 (consolidated) (D.C. Cir.). This case is also related to *Sierra Club v. United States Department of Energy* Nos. 26-1024, 26-1025, and 26-1028 (consolidated) (D.C. Cir.).

/s/ *Rebecca Jaffe*
REBECCA JAFFE

Counsel for Federal Respondents

Under Federal Rule of Appellate Procedure 26(b) and Circuit Rule 28(e), Respondents move the Court for a 45-day extension of time to file their answering brief. Petitioners filed their opening briefs on December 19, 2025, and, under the Court's November 20, 2025 scheduling order, Respondents' brief is due on February 24, 2026. Respondents seek an additional 45 days to April 10, 2026. Respondents have not previously requested an extension of time. Petitioners oppose this extension request and will file a response. Intervenor Midcontinent Independent System Operator (MISO) takes no position on this request. Movant-Intervenor Consumers Energy Company takes no position on the extension request, provided that the briefing deadline for Respondent-Intervenors is similarly extended in the event an extension is granted.

This case involves challenges to a Department of Energy Order called Campbell 1. Respondents and Petitioners have filed contested motions to govern further proceedings in *Sierra Club v. United States Department of Energy*, Nos. 25-1198, 25-1202, 25-1254 (consolidated) (D.C. Cir.), which challenges the Campbell 2 Order. If the Court adopts Respondents' proposal in the Campbell 2 cases, then it would consolidate the Campbell 1 and 2 cases and order coordinated briefing, which could affect the briefing schedule in this case. But Respondents need an extension separate from the Court's disposition of the Campbell 2 contested motions to govern.

An extension is necessary for several reasons. First, the United States agreed to the briefing schedule and the current deadline of February 24, 2025, in early October 2025. The undersigned counsel did not know at that time that the lapse in appropriations would last through November 13, 2025, and would cause cascading backlogs in her workload.

Second, since the opening briefs were filed on December 19, 2025, the undersigned counsel has had many deadlines that have prevented her from working on the response brief in the Campbell 1 cases. The undersigned counsel was solely responsible for drafting the United States' response, which was due on December 30, 2025, to an emergency stay motion in *Environmental Defense Center v. Pipeline & Hazardous Materials Safety Administration*, No. 25-8059 (9th Cir.). The undersigned counsel was also solely responsible for drafting the United States' answering brief, which was due on January 15, 2026, in *Center for Biological Diversity v. Department of Transportation*, No. 25-60282 (5th Cir.).

She was responsible for reviewing and editing the answering brief in *South Carolina Coastal Conservation League v. U.S. Army Corps of Engineers*, No. 25-1797 (4th Cir.), which was filed on January 27, 2026. She was also responsible for reviewing and editing the answering brief in *Citizens for Clean Air & Clean Water in Brazoria County v. U.S. Department of Transportation*, No. 25-60202 (5th Cir.), which is due to be filed on February 23, 2026.

The undersigned counsel has also had substantial case management responsibilities. She participated in a mediation assessment on January 9, 2026, in *Vashon Island Fair Skies v. Federal Aviation Administration*, No. 25-7373 (9th Cir.). She advised the Pipeline and Hazardous Materials Safety Administration regarding preparation of the administrative record and then lodged the certified index on January 13, 2026, in *Environmental Defense Center v. Pipeline & Hazardous Materials Safety Administration*, No. 25-8059 (9th Cir.). She also drafted and filed opposed motions for extensions of the administrative record deadlines in *Palm Beach County v. Federal Aviation Administration*, No. 25-1282 (D.C. Cir.) (motion filed Jan. 13, 2026), and *Maryland Office of People's Counsel v. U.S. Department of Energy*, No. 25-1287 (D.C. Cir.) (motion filed Jan. 16, 2026). She helped a colleague prepare for oral argument, which was held on January 20, 2026, in *Friends of Animals v. Fish and Wildlife Service*, No. 25-4021 (10th Cir.). And she has been advising the Federal Aviation Administration regarding preparing the administrative record, which is due on February 6, 2026, in *Uprola, LLC v. Federal Aviation Administration*, No. 25-6211 (9th Cir.). And she briefed competing motions to govern further proceedings in the Campbell 2 cases, *Sierra Club v. United States Department of Energy*, Nos. 25-1198, 25-1202, 25-1254 (consolidated) (D.C. Cir.). The motion was filed on January 23, 2026, the

response to Petitioners' competing motion was filed on February 2, 2026, and the reply in support of Respondents' motion is due on February 9, 2026.

Third, the undersigned counsel is scheduled to be on leave March 6 to 13, 2026 for a family commitment. And she has other case management responsibilities upcoming, including advising the agency and lodging the administrative record in *Maryland Office of People's Counsel v. United States Department of Energy*, No. 25-1287 (D.C. Cir.).

Fourth, this is a complex case involving the reliability of the electricity grid and novel statutory interpretation questions. Finally, the answering brief must be reviewed and approved by multiple officials within the Department of Energy and within the Environment and Natural Resources Division at the Department of Justice. This extensive review process requires extra time.

The Court should grant Respondents' request for a 45-day extension of time to April 10, 2026.

Respectfully submitted,

/s/ *Rebecca Jaffe*
ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
ROBERT LUNDMAN
REBECCA JAFFE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice

*Counsel for Federal Respondents*

February 3, 2026
90-13-5-17962

# CERTIFICATE OF COMPLIANCE

1. This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 825 words.

2. This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

/s/ *Rebecca Jaffe*
REBECCA JAFFE
Counsel for Federal Respondents