NOT YET SCHEDULED FOR ORAL ARGUMENT

Nos. 25-1159, 25-1160, 25-1162 (consolidated)

UNITED STATES COURT OF APPEALS
FOR THE DISTRICT OF COLUMBIA CIRCUIT

THE PEOPLE OF THE STATE OF MICHIGAN,
*Petitioner*,

v.

UNITED STATES DEPARTMENT OF ENERGY, et al.,
*Respondents*.

Petition for Review of United States Department of Energy Order No. 202-25-3

**REPLY IN SUPPORT OF MOTION FOR EXTENSION OF TIME TO FILE ANSWERING BRIEF**

ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
ROBERT LUNDMAN
REBECCA JAFFE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice
Post Office Box 7415
Washington, D.C. 20044
(202) 598-0402
rebecca.jaffe@usdoj.gov

# CERTIFICATE AS TO PARTIES, RULINGS, AND RELATED CASES

## A.     Parties and Amici

Petitioner in case no. 25-1159 is the State of Michigan. Petitioners in case no. 25-1160 are Sierra Club, Natural Resources Defense Council, Michigan Environmental Council, Environmental Defense Fund, Environmental Law and Policy Center, Vote Solar, Public Citizen, Union of Concerned Scientists, the Ecology Center, and Urban Core Collective. Petitioners in case no. 25-1162 are the States of Minnesota and Illinois.

Respondents are Chris Wright, Secretary of the United States Department of Energy, and the United States Department of Energy.

The Maryland Office of People's Counsel moved to intervene, but was denied intervention. The Midcontinent Independent System Operator (MISO) and Consumers Energy Company have intervened.

The following parties have filed amicus briefs: The Institute for Policy Integrity at New York University School of Law; the Citizens Action Coalition of Indiana, Citizens Utility Board of Michigan, Citizens Utility Board of Minnesota, Citizens Utility Board of Wisconsin, and Consumers Council of Missouri; The Niskanen Center, Professor Paul L. Joskow, and Professor Richard Schmalensee; Joshua C. Macey (Yale Law School), Joel Eisen (University of Richmond School of Law), Alison Gocke (University of Virginia School of Law), Sharon Jacobs

2

(Berkeley School of Law), Alexandra Klass (University of Michigan Law School), Andrew McKinley (Northwestern University Pritzker School of Law), Felix Mormann (Texas A&M University School of Law), David Owen (University of California College of the Law), Shelley Welton (University of Pennsylvania Carey Law School), and Hannah Wiseman (Penn State Dickinson Law).

**B.      Rulings Under Review**

Petitioners challenge Department of Energy Order No. 202-25-3, which was issued on May 23, 2025.

**C.      Related Cases**

Under Circuit Rule 28(a)(1)(C), this case is related to *Sierra Club v. United States Department of Energy*, Nos. 25-1198, 25-1202, 25-1254 (consolidated) (D.C. Cir.). This case is also related to *Sierra Club v. United States Department of Energy* Nos. 26-1024, 26-1025, and 26-1028 (consolidated) (D.C. Cir.).

/s/ *Rebecca Jaffe*
REBECCA JAFFE

Counsel for Federal Respondents

The Court should grant Respondents' motion for a 45-day extension of time to file their answering brief. Petitioners oppose Respondents' extension motion and propose a seven-day extension instead, but seven days is insufficient given the undersigned counsel's conflicts. Petrs' Opp'n to Extension Mot., at 1 (filed Feb. 9, 2026). Seven days would not provide meaningful "relief," *contra id.* at 8, because there still would not be enough time for the government's extensive review and approval process even if counsel could prepare the brief by the current deadline. That review process is a necessity supporting the requested extension that Petitioners' do not address in their opposition.

A 45-day extension is necessary for several reasons. First, the United States agreed to the briefing schedule and the current deadline in early October 2025. Petitioners emphasize that the "lapse in appropriations had already begun" when the Department of Energy (DOE) agreed to the briefing schedule and the undersigned counsel "should have expected to lose a meaningful portion of that month to the shutdown." Opp'n at 5-6. But the undersigned counsel did not know—and could not have known—that the lapse in appropriations would last through November 13, 2025, the longest lapse in history, causing cascading backlogs in her workload. These cascading backlogs are not unique to the undersigned counsel; the shutdown's lingering effects plus heavy case workloads

4

at the Department of Justice (DOJ) made reassignment of this case to a different DOJ attorney infeasible.

Second, the undersigned counsel has had many obligations that have occupied her time. DOE Extension Mot. at 5-7 (listing obligations). Petitioners claim that the undersigned counsel "should have anticipated" the other obligations that would occupy her time. Opp'n at 5. But Petitioners filed the proposed briefing schedule on October 10, 2025. On October 16, 2025, this Court issued a notice scheduling oral argument for December 12, 2025, in *Save the Sound v. Federal Aviation Administration*, No. 24-1028 (D.C. Cir.). The lead counsel in the *Save the Sound* case left the Department of Justice after briefing was complete, so the undersigned counsel needed to handle the oral argument. Preparations for that oral argument required substantial time and impacted her ability to complete her other obligations before the opening briefs in this case were filed. In addition, she could not have "anticipated," Opp'n at 5, the emergency stay motion in *Environmental Defense Center v. Pipeline & Hazardous Materials Safety Administration*, No. 25-8059 (9th Cir.). These are not mere "workload concerns," Opp'n at 8, but rather legitimate reasons for why it is infeasible for Respondents to meet the current deadline.

Petitioners complain that the undersigned counsel should have moved earlier for an extension. Opp'n at 4-5. But the extension motion was timely filed on

5

February 3, 2026, three weeks before the current due date for the brief and well before the seven-day deadline mandated in Circuit Rule 28(e)(2) (which would have been February 17 for a brief due on February 24).  Respondents' extension request is thus far from "late-breaking" as Petitioners contend.  Opp'n at 8.

Petitioners emphasize that the proposed extension would cause oral argument to be postponed beyond Spring 2026 and thus prejudice them.  Opp'n at 1-2.  But oral argument has not yet been calendared and Petitioners point to no justification for why this Court must credit their preference for a Spring 2026 argument over Respondents' request for a modest extension.  Petitioners fail to show how an oral argument beyond Spring 2026 causes them any prejudice that overcomes Respondents' legitimate need for an extension.  Petitioners suggest that they face harms warranting "swift review" of this case during a Spring 2026 argument, but they concede that they have never requested expedited review despite the alleged "urgency of this case."  Opp'n at 2-3.  Moreover, Petitioners' contention that the challenged Campbell 1 order is continuing to harm them, such that their desire for a Spring 2026 argument should override Respondents' legitimate need for an extension, is meritless.  *See* Opp'n at 2.  The Campbell 1 order expired and is thus not affecting Petitioners in any way.  Accordingly, Petitioners' bare allegations of prejudice should be rejected.

6

Regardless, because oral argument has not been calendared, Petitioners fail to substantiate their suggestion that the requested extension will cause the "disruption" that they allege. Opp'n at 8; *see* D.C. Circuit Handbook of Practice & Internal Procedures, § IX(A)(1) at p. 37 (Dec. 4, 2025) ("*Once a case has been calendared for oral argument*, the Court strongly disfavors motions to extend the briefing schedule." (emphasis added)). They identify nothing besides their own unsupported preference for Spring 2026 argument that will purportedly be "disrupt[ed]." Respondents took no position on that preference when the parties discussed the briefing schedule in October 2025. *See* Mot to Establish Briefing Schedule, No. 25-1159 (filed October 10, 2025) (noting that "Respondents take no position on Petitioners' request regarding argument scheduling").

The Court should grant Respondents' request for a 45-day extension of time to April 10, 2026.

Respectfully submitted,

/s/ *Rebecca Jaffe*
ADAM R.F. GUSTAFSON
*Principal Deputy Assistant Attorney General*
ROBERT N. STANDER
*Deputy Assistant Attorney General*
ROBERT LUNDMAN
REBECCA JAFFE
*Attorneys*
Environment and Natural Resources Division
U.S. Department of Justice

*Counsel for Federal Respondents*

February 10, 2026
90-13-5-17962

## CERTIFICATE OF COMPLIANCE

1.	This document complies with the type-volume limit of Federal Rule of Appellate Procedure 27(d)(2)(A) because, excluding the parts of the document exempted by Federal Rule of Appellate Procedure 32(f) this document contains 820 words.

2.	This document complies with the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the type-style requirements of Federal Rule of Appellate Procedure 32(a)(6) because this document has been prepared in a proportionally spaced typeface using Microsoft Word 2016 in 14-point Times New Roman font.

>	/s/ *Rebecca Jaffe*
>	REBECCA JAFFE
>	Counsel for Federal Respondents